IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

No.

DR. THOMAS GIONIS
Individually and On Behalf of All Others
Similarly Situated,

          Plaintiff,

APPLE Inc., a California
Corporation;

And

AT&T, Inc. a Delaware
Corporation
208 S. Akard Street
Dallas, Texas 75202
          Defendant.

CLASS ACTION ALLEGATION COMPLAINT

DEMAND FOR JURY TRIAL

Plaintiff individually and on behalf of the below-descibed class allege as follows:

## NATURE OF THE CASE

1. This is a class action brought on behalf of Plaintiff and all others similarly situated in the United States who own an Iphone 4 ("Iphone") manufactured and distributed by defendant, Apple Inc.,and operated on the cellular network owned and operated by AT&T, that has failed to perform as advertised based on faulty engineering, design and manufacturing, and has been falsely marketed and represented by the Chief Executive Officer of Apple, Inc. as "the most precise thing Apple's ever made." Purchasers and users of the Iphone have been falsely induced to buy a product that requires the user to hold the phone in a particular manner in order not to disable the external antenna. Apple is

1

aware of the design defect, but has suggested the only remedy is to hold the phone differently, or to put a rubber shield around the product to prevent the user's skin from blocking cellular signals. The damages of the Plaintiff and all those similarly situated, excluding attorney's fees, interest and costs, exceed $5,000,000.00.

2. Apple, Inc. began to sell the iPhone on June 24, 2010 and has reported sales of over 1.7 million units within the first three days of sales. Apple, Inc. has touted the iPhone and on their web site is a quote from the founder that "This is the most successful product launch in Apple's history," said Steve Jobs, Apple's CEO. "Even so, we apologize to those customers who were turned away because we did not have enough supply."

3. Despite Apple's knowledge of the design defect, there has been no recall, and no stoppage in the nationwide sale and distribution of the Iphone. The Plaintiff believes that Apple did not use correct design, production, manufacturing or testing procedures to insure a usable product that they predicted would sell in the millions.

4. The Plaintiff and all class members were sold a product that dropped calls, and consistently lost service when the user handled the phone incorrectly. In order to purchase the new Iphone 4, all users were required to enter into a binding two year service agreement with AT&T. Anyone attempting to return the Iphone 4 for a refund is charged a mandatory restocking fee, despite the complaint of its failure to meet its reason for being purchased. The plaintiff and all class members have been damaged both through their inability to return the phone without paying a restocking fee, and the termination fee imposed by AT&T should the user decide not to continue using their cellular network. AT&T is the sole United States authorized cellular carrier for Apple Inc.'s iPhone 4 cellular phone.

## JURISDICTION AND VENUE

5. This court has original jurisdiction over this class action under 18 U.S.C. § 1332 (d) the Class Action Fairness Act ("CAFA"), and over supplemental state law claims pursuant to 28 U.S.C. § 1367. The basis for diversity of citizenship allowing this Court to maintain jurisdiction is the global sales effort of Apple, Inc., with liability for American sales governed by federal law. The CAFA explicitly provides for the original jurisdiction different from any Defendant, and where the matter in controversy exceeds the sum of $5 million exclusive of interests and costs. Plaintiffs allege that the claims of individual class members in this action exceeds $5 million in aggregate, exclusive of interests and costs, and that the total number of the members of the proposed class is greater than 100, as required by 28 U.S.C. § 1332(d), (5).

6. As set forth below, the plaintiff is a resident of California, and the defendants are a California corporation, with its headquarters and main office location in Cupertino, California., and a Delaware corporation, with its headquarters in Texas.

7. Venue lies within this district pursuant to both 28 U.S.C. § 1391 (b)-(c) in that defendant conducts business in this District; certain acts giving rise to the claims asserted in the Complaint occurred within this District; the actions of Defendants alleged in this complaint caused damages to both the plaintiff and the millions of others both locally and nationwide. The defendant has a number of both retail outlets and tie in sales agreements with AT&T stores in this District, giving further support for this Court's venue.

## THE PARTIES

8. Plaintiff Thomas Gionis (hereinafter "Gionis") is a California citizen and licensed as a physician in the state, and is competent to represent the interests on behalf of individuals who purchased defective iPhone 4 cellular phones, their accessories, and the requisite cellular

agreement mandated by Apple in order to obtain the units. Dr. Gionis purchased his iPhone 4 on June 24th, 2010 at the South Coast Plaza Apple Store in Costa Mesa, California.

9. Defendant Apple, Inc. is a California corporation, and has been since 1977. It maintains its principal place of business in Cupertino, California. At all times relevant to this complaint, Apple, its agents, representatives, and partners designed, engineered, tested, manufactured, distributed, marketed, and provided warranties that it could not disclaim to class members. Apple will accept service of process including a citation and a copy of this complaint at their registered agent's office, with an address of CT Corporation, Registered Agent, Apple, Inc., 818 West Seventh Street, Los Angeles, CA 90017.

10. Defendant AT&T, Inc. is Delaware Corporation that sells both cellular phones and cellular service, and is the sole provider of the iPhone since its original iteration was sold to the public.

## FACTUAL BACKGROUND

11. Defendant Apple Inc. is a California corporation that engineers, designs, tests, and manufactures, inter alia, portable music players, personal computers, maintains a library of copyrighted music of a number of different artists and sells their works through downloads.

12. Defendant AT&T is a Delaware Corporation that sells mobile telephones and is the exclusive provider of cellular service for iPhone 4 customers in the United States.

13. On or about June 24, 2010, Gionis purchased the iPhone 4 from Defendant AT&T's retail location at 24 South Coast Plaza Apple Store, located in Costa Mesa, California.

14. As part of the transaction, Gionis was required to purchase a two year service agreement from Defendant AT&T for his new iPhone 4.

15. The iPhone was marketed heavily throughout the United States in anticipation of large volume retail sales both domestically and abroad by both Defendants.

16. As part of the marketing scheme to insure greater sales, both Defendants falsely claimed that the phone had improved display capabilities, multitasking abilities, and according to their website (www.apple.com) during the design and manufacturing phase they (both Defendants) "were busy creating amazing new features that make iPhone more powerful, easier to use, and more indispensible than ever".

17. Apple Inc. oversaw a large marketing campaign that emphasized the power, attractiveness and new engineering that would provide more features, better reception, and a more favorable customer experience based on the applications resident on the phone.

18. In all of the Apple Inc. commercials, the actors demonstrating the phones are shown using the iPhone in a normal manner, without having to hold the iPhone in any particular way, and without having to move their hand to avoid any sort of contact with the antenna that might interfere with either reception or the ability to make a phone call or receive any sort of data stream on the iPhone.

19. On Thursday, June 24th, 2010 and thereafter, Apple Inc and AT&T began selling the iPhone to the public. Apple Inc. has acknowledged sales of the device of over 1.7 million retail units during the first three days it was available.

20. On June 24th, 2010, Plaintiff purchased his iPhone and immediately began to attempt to use the Iphone for calls to and from the hospital where he works overseeing Emergency Medical Medicine. His job requires that he maintain near constant contact with the hospital in order to guide the medical staff on certain emergency procedures, and to provide support, advice and guidance in the care of patients brought to the hospital requiring emergency care. As the chief

physician of the emergency room, his authorization is required on a number of procedures that affects the lives of many patients brought in to the emergency room on a daily basis. Plaintiff is now forced to carry two cellular phones in order to insure that he can make and receive calls when he is either on duty, or away from the hospital in order to stay available for any situation that may arrive requiring his attention and expertise.

21. Plaintiff is informed and aware that his problems are neither unique nor limited to his purchase of the iPhone.

22. Plaintiff is informed and believes that Defendants had either actual or constructive knowledge at some time during its design, engineering, manufacturing, production and quality control and testing phases of the defects present in the phone.

23. Due to the iPhone's design and/or manufacturing defect(s), or the caliber of AT&T's network, Plaintiff has been unable to rely solely on his iPhone for its intended purpose, and the device has not conformed to Plaintiff's expectations as created by the marketing material he was exposed to.

24. Defendant AT&T continues to sell to maintain its relationship as sole provider for network coverage for the iPhone and its earlier iterations.

25. The Defendants have been made aware of the allegations through a number of channels, and the complaint has reached the Chairman, CEO and original founder of the company, Steven Jobs.  In a widely circulated email received by Mr. Jobs, a long time customer complained that "Your new antenna system doesn't like my hand".  The owner continued his email with the caveat that "I love my new iPhone 4 (nice work) but when I put my hand on the steel bands I lose all reception.  It appears to be a common issue.  Any plans to fix this?"

26. Mr. Jobs' response to the customer which has been widely reported in the news, and for which there has neither been a retraction or explanation has been "Just avoid holding it that way". Mr. Jobs has also been reported to have said to other owners of the iPhone 4 that "You are in a marginal cell area. It has nothing to do with the phone."

27. Apple Inc. and AT&T have been the subject of a number of news articles about the issues affecting the phone in web sites such as Gizmodo.com, IT Blogwatch, Computerworld.com.

28. Gionis called the store to complain about the service, and was told to purchase a rubber bumper that would fit around the phone, and would purportedly solve the reception issues he was having with his iPhone 4.

## CLAIM AND CAUSES OF ACTION

## CLAIM ONE

## (GENERAL NEGLIGENCE –APPLE, INC.)

29. Plaintiff and class members reallege and incorporate by reference each allegation contained in Paragraphs 1 through 28 above and further as follows.

30. Defendant in the design, engineering, manufacturing, production, testing and distribution of the iPhon4 had a duty to the Plaintiff to do so in a reasonable manner and to ensure that the product was without defect.

31. Defendant breached this duty when it placed the defective product into the stream of commerce either with knowledge or negligently unaware of its defective nature.

32. As a direct and proximate cause of Defendant's negligence, the defective iPhone 4 has caused economic harm to Plaintiff and to all class members.

33. In addition, the aforementioned acts of Defendants were willful, wanton, malicious and oppressive, and justify the awarding of exemplary and punitive damages, including an award of attorney's fees.

## CLAIM TWO

### PRODUCTS LIABILITY – DEFECT IN DESIGN, ENGINEERING, MANUFACTURE, AND ASSEMBLY

### (APPLE, INC.)

34. Plaintiff and class members reallege and incorporate by reference each allegation contained in paragraphs 1 through 33 above and further allege as follows.

35. The iPhone 4 units that are the subject of the instant action were not reasonably fit, suitable, or safe for their intended use by reason of a defect in their design, testing, manufacture, or assembly, which caused them to not function properly as a cellular communication device.

36. The defect in design, manufacture, or assembly existed at the time Defendant placed the iPhone 4 units into the stream of commerce.

37. The iPhone 4 units were used in their intended and reasonably foreseeable way when they failed to function properly and caused economic damage and harm to Plaintiff and all class members.

38. As a direct and proximate result thereof, Plaintiff and class members have been injured and damaged.

39. Wherefore, named Plaintiff pray for damages as set forth below.

## CLAIM THREE

### BREACH OF EXPRESS AND IMPLIED WARRANTY
### (APPLE, INC.)

40. Plaintiff and class members reallege and incorporate by reference each allegation contained in paragraphs 1 through 39 above and further allege as follows.

41. Plaintiff and class members purchased their iPhone 4 cellular phones with the expectation that it would function properly as a cellular phone with all of the other features marketed by Apple, Inc.

42. Defendant as the designer, engineer, manufacturer, tester, marketer, distributor, or seller expressly warranted that the iPhone 4 units were fit for their intended purpose in that they would function properly as smart phones when used in a manner typical of cell phone usage. Specifically, Defendant widely distributed promotional literature showing the iPhone 4 being used in a manner in which Defendant now admits causes the units to lose their connectivity.

43. Defendant also breached the warranty implied in the contract for the sale of goods in that the goods could not pass without objection in the trade under the contract description, the goods were not of fair average quality within the description, and the goods were unfit for their intended and ordinary purpose in that they did not function properly as a smart phone. Furthermore, such goods did not conform to the promises or affirmations of fact made on the container and label. As a result, Plaintiff and class members did not receive the goods as impliedly warranted by Defendant to be merchantable for the purpose they were being purchased for.

44. Despite knowing of the presence of this defect by numerous print and web

based articles, and in an effort to avoid honoring the express One Year Limited Warranty provided to every purchaser of the of the iPhone 4 unit, Apple has knowingly instructed its employees to deny that the clearly documented defect in the iPhone antenna exists. Apple Inc. has instructed its technical and retail staff to tell customers complaining of poor reception that "Gripping almost any mobile phone in certain places will reduce its reception," and instructs its employees: "Do not perform warranty service".

45. As a direct and proximate cause of Defendant's breach of express warranty, Plaintiff and class members have been injured and damaged.

46. Wherefore, named Plaintiff prays for damages as set forth below.

## CLAIM FOUR

### BREACH OF IMPLIED WARRANTY FOR MERCHANTABILITY
### (APPLE AND AT&T)

47. Plaintiff and class members reallege and incorporate by reference each allegation contained in paragraphs 1 through 46 above and further allege as follows.

48. By virtue of the aforementioned acts, the Defendants have breached their implied warranty of merchantability and fitness for a particular purpose. Defendant impliedly warranted that the iPhone 4 was of merchantable quality, and would perform adequately under ordinary and expected usage.

49. The iPhone 4 is defective and does not perform as expected under ordinary and expected usage, thus rendering it unfit for the purpose it was purchased for.

50. As a direct and proximate result thereof, Plaintiff and class members have been injured and damaged.

51. In addition, the aforementioned acts of Defendants were willful, wanton,

malicious, and oppressive, and justify the awarding of exemplary and punitive damages, including an award of attorney's fees.

## CLAIM FIVE

### BREACH OF IMPLIED WARRANTY FOR A PARTICULAR PURPOSE
### (APPLE AND AT&T)

52. Plaintiff and class members reallege and incorporate by reference each allegation contained in paragraphs 1 through 51 above and further allege as follows.

53. By virtue of of the aforementioned acts of Defendants, Defendants have breached their implied warranty of fitness for a particular purpose.

54. Defendants impliedly warranted that the iPhone 4 was fit for the particular purpose for which it was marketed, advertised and sold to Plaintiff and other members of the class.

55. The iPhone 4 is not fit for such purposes and does not operate as advertised.

56. As a direct and proximate result of the aforementioned acts of Defendants, Defendants have been unjustly enriched at the expense of the purchasers of the iPhone 4.

57. As a direct and proximate result thereof, Plaintiff and class members have been injured and damaged.

58. In addition, the aforementioned acts of Defendants were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages, including an award of attorney's fees.

## CLAIM SEVEN

### INTENTIONAL MISREPRESENTATION
### (APPLE AND AT&T)

59. Plaintiff and class members reallege and incorporate by reference each

11

allegation contained in paragraphs 1 through 58 above and further allege as follows.

60. At all times herein referred to, Defendants were engaged in the business of engineering, designing, manufacturing, testing, marketing, distributing, or selling the iPhone 4 units which are the subject of the instant litigation.

61. Defendant, acting through its officers, agents, servants, representatives, or employees, delivered the iPhone 4 units to their own retail stores, as well as AT&T retail stores, distributors, and various other distribution channels.

62. Defendants willfully, falsely, and knowingly misrepresented material facts relating to the character and quality of the iPhone 4 units. These misrepresentations are contained in various media advertising and packaging disseminated or caused to be disseminated by Defendants, and such misrepresentations were reiterated and disseminated by officers, agents, representatives, servants, or employees of the Defendants, acting within the line and scope of their authority, so employed by Defendants to merchandise and market the product. Specifically, the promotional literature showed the iPhone 4 units being used and held in a manner which causes the units to lose data and voice connectivity, yet the Defendant made no mention of the possibility of losing either data or voice connectivity if held in this manner.

63. Defendants' representations were made with the intent that the general public, including Plaintiff and class members, rely upon them. Defendants' representations were made with knowledge of the falsity of such statements, or in reckless disregard of the truth thereof.

64. In actual and reasonable reliance upon Defendants' misrepresentations, Plaintiff and class members purchased and used the iPhone 4 units for their intended and reasonably

foreseeable purposes: i.e., as smart phones. Plaintiff and class members were unaware of the existence of facts that Defendants suppressed and failed to disclose. If they had been aware of the suppressed facts, Plaintiff and class members would not have purchased the defective iPhone 4 units.

65. Plaintiff and class members are informed and believe, and thereon allege, that Defendants misrepresented material facts with the intent to defraud Plaintiff and class members. Plaintiff and class members were unaware of the intent of the Defendants and relied upon the representations of Defendant in agreeing to purchase the iPhone 4 units. Plaintiff and class members' reliance on the representations of Defendant was reasonable.

66. In actual and reasonable reliance upon Defendants' misrepresentations, Plaintiff and class members purchased the defective iPhone 4 units and used them in the way in which they were intended, the direct and proximate result of which was injury and harm to the Plaintiff and class members.

67. In addition, the aforementioned acts of Defendants were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages, including an award of attorney's fees.

68. Wherefore, named Plaintiff prays for damages as set forth below.

## CLAIM EIGHT

### NEGLIGENT MISREPRESENTATION
### (APPLE AND AT&T)

69. Plaintiff and class members reallege and incorporate by reference each allegation contained in paragraphs 1 through 68 above and further alleges as follows.

70. Defendants negligently and recklessly misrepresented various material facts regarding the quality and character of their product, under circumstances where Defendants

either knew or, in the exercise of reasonable care, should have known that the representations were not true or were not known to be true. These misrepresentations were contained in various advertising, packaging, and correspondence from Defendants, and such misrepresentations were further reiterated and disseminated by the officers, agents, representatives, servants, or employees of Defendants acting within the scope of their authority.

71. In reliance upon these misrepresentations, Plaintiff and class members purchased various quantities of the product for use as cellular communication devices. Had Plaintiff or class members known the true facts, including, but not limited to, the fact that the iPhone 4 units were defectively designed, they would not have purchased the units from Defendants.

72. As a direct and proximate consequence of Defendants' negligent misrepresentations, Plaintiff and class members have been injured.

73. In addition, the aforementioned acts of Defendants were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages, including an award of attorney's fees.

74. Wherefore, named Plaintiff pray for damages as set forth below.

## CLAIM NINE

### FRAUD BY CONCEALMENT
### (APPLE AND AT&T)

75. Plaintiff and class members reallege and incorporate by reference each allegation contained in paragraphs 1 through 74 above and further allege as follows.

76. Plaintiff are informed and believe, and thereon allege, that Defendants knew that the iPhone 4 units would lose connectivity when used in their normal intended manner, and Defendants and concealed this fact.

77. Defendants had a duty to disclose this information to Plaintiff and class members. Defendants failed to timely disclose this information to Plaintiff and class members. Further, Defendants actively suppressed and concealed the fact that the iPhone 4 could not be held in a manner consistent with the normal usage of cellular communication devices.

78. Defendant concealed such information for the purpose of inducing the purchase and use of iPhone 4 units designed, manufactured, distributed, and sold by Defendants.

79. Plaintiff and class members were unaware of the existence of facts, which Defendants failed to disclose and actively suppressed and concealed. If they had been aware of the facts not disclosed by Defendants, they would not have agreed to the purchase or use of the defective iPhone 4 units. Plaintiff and class members are informed and believe and thereon allege that Defendants concealed such material facts with the intent to defraud Plaintiff and class members. Under the circumstances, especially since Defendants omitted and concealed material facts, Plaintiff and class members' reliance on the representations of Defendants was reasonable.

80. As a result of Defendants material omissions, failure to disclose, and active concealment, Plaintiff and class members purchased and used Defendants' defective iPhone 4 units in the way in which they were intended, the direct and proximate result of which was injury and harm to the Plaintiff and class members.

81. In addition, the aforementioned acts of Defendants were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages, including an award of attorney's fees.

82. Wherefore, named Plaintiff pray for damages as set forth below.

## REQUEST FOR RELIEF
## NAMED PLAINTIFF AND CLASS MEMBERS

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment against Defendants, as follows:

1. An order certifying the Plaintiff Class and appointing Plaintiff and his respective counsel to represent the Class;

2. Declaratory judgment for liability against Defendant under causes of action 1-7;

3. Judgment for costs of the suit incurred, including attorneys' fees; and;

4. Such further legal and equitable relief as this court may deem proper; and

5. For general and special damages according to proof.

## PRAYER FOR RELIEF (NAMED PLAINTIFF ONLY)

1. For special damages according to proof;

2. For general damages according to proof;

3. For punitive and exemplary damages in all causes of action, the basis for which will be proven at trial. Said exemplary or punitive damages are due and awardable pursuant to the actions of Defendants described above, including fraud and deceit, wanton and reckless acts of commission and omission, and outrageous and malicious conduct, in an amount in favor of each Plaintiff, as a multiple of each Plaintiff's compensatory damages, all totaled to an amount sufficient to punish said Defendants so as to deter it and others like it from similar wrongdoing;

4. Enjoin Defendants from manufacturing, distributing, marketing or selling any additional Apple iPhone 4 devices until they have repaired the design and/or manufacture

defect;

5. Prejudgment interest;

6. For Plaintiff's attorney fees and costs of suit incurred herein;

7. Such further legal and equitable relief as this court may deem proper.

8. Awarding all other costs, relief, and damages legally available under the claims and allegations set forth in this complaint.

**Dated:** June 30, 2010

Respectfully submitted,


/s/ Robert H. Carp
Robert H. Carp
BBO: 676732
100 Needham Street 2nd Floor
Newton, MA 02464
Phone: (617)861-4529
Efax: 866-723-8737
rcarp@carplawoffices.com